# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TERRI B. ALEXANDER,
          Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
          Agency.

DOCKET NUMBER
DA-0351-11-0285-X-1

DATE: February 26, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Terrence J. Johns</u>, New Orleans, Louisiana, for the appellant.

<u>Cheri G. Alsobrook</u>, <u>Sandy S. Francois</u>, <u>Thomas E. Dunn</u>, New Orleans,
    Louisiana, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## ORDER

This case is before the Board on the appellant's petition to enforce a final decision ordering the agency, which separated the appellant pursuant to a reduction in force (RIF), to reassess her qualifications for certain positions and, if

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

it found her qualified for one of the positions or a like position, to cancel her separation and pay her back pay, interest on back pay, and adjust her benefits. *Alexander v. Department of Agriculture*, MSPB Docket No. DA-0351-11-0285-I-1, Initial Decision (ID) (Mar. 21, 2012).[2] The administrative judge recommended that the Board grant the appellant's petition for enforcement. *Alexander v. Department of Agriculture*, MSPB Docket No. DA-0351-11-0285-C-1, Compliance Initial Decision (Oct. 11, 2012). The matter was then referred to the Board for consideration. *See* 5 C.F.R. § 1201.183.[3]

On September 24, 2013, the Board ordered the agency to produce evidence setting forth its reassessment, the factors that led to the appellant's selection for a particular position, and its computation of back pay, interest on back pay, and the restoration of the appellant's benefits. Compliance Referral File (CRF), Tab 17 at 2. The agency has filed evidence that it conducted the reassessment and determined that the appellant was qualified for two positions at the GS-5 level, namely, Civilian Pay Technician, GS-544, and Secretary, GS-318. CRF, Tab 22 at 6. The agency also produced evidence that it paid the appellant back pay from pay period 22 of 2005 through pay period 26 of 2006, and stated that the "appellant did not continue to lose any compensation as she received a promotion on December 6, 2006 to a GS-6/9 position." CRF, Tab 18 at 4. In her replies, the appellant states, among other things, that the agency did not cancel her separation and that she was entitled to 2 years of saved pay at the GS-7 level. CRF, Tabs 19, 24.

---

[2] The administrative judge's initial decision became final on April 25, 2012, when neither party filed a petition for review. *See* 5 C.F.R. § 1201.113.

[3] Except as otherwise noted in this decision, we have applied the Board's regulations that became effective November 13, 2012. We note, however, that the petition for enforcement in this case was filed before that date. The revisions to 5 C.F.R. § 1201.183 do not affect our consideration of the merits of this compliance proceeding.

Pursuant to 5 U.S.C. § 1204(a)(2), the Board has jurisdiction to consider an appellant's claim of agency noncompliance with a Board order. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984). The Board's enforcement authority includes the power to restore, as nearly as possible, the status quo ante. *Id*. The agency has the burden of proof to establish its compliance with the Board's order. *See Spates v. United States Postal Service*, 70 M.S.P.R. 438, 441 (1996). Here, we find that the agency has not met its burden of showing compliance because: (1) it has not canceled the appellant's separation; (2) it has not retroactively placed her in the position of Civilian Pay Technician, GS-544-05, Secretary, GS-318-05, or a like position; and (3) it has not shown that it has paid the correct amount of back pay and interest.

The agency states that it did not cancel the appellant's separation because "the appellant continued to apply for and received promotions, [and] the agency was not ordered by the Board and did not need to cancel the RIF action." CRF, Tab 22 at 4. In fact, the Board did order the agency to cancel the RIF action. In its final decision, the Board specifically instructed the agency, if it found the appellant qualified for any position, "to cancel the appellant's separation and to place her in one of those positions or a position of like grade, pay, tenure, and commuting area." ID at 26. In order to be in compliance, the agency must produce evidence that it has canceled the appellant's October 28, 2005 separation. In addition, the agency must show that it has retroactively placed her into the position of Civilian Pay Technician, GS-544-05, Secretary, GS-318-05, or a like position.

The appellant asserts that she is entitled to saved grade and pay for the 2 years following her placement into either the Civilian Pay Technician, GS-544-05, or Secretary, GS-318-05 positions. CRF, Tab 24 at 3. Her argument has merit. An employee who is assigned during a RIF to a position carrying a lower grade is entitled to retain the grade of her former position for 2 years, after which time she may be entitled to retained pay. *Paul v. Department of the*

*Navy*, 80 M.S.P.R. 174, ¶ 7 (citing 5 U.S.C. §§ 5362, 5363); *see* 5 C.F.R. Part 536 (Office of Personnel Management regulations regarding saved grade and pay). Thus, the appellant may be entitled to saved grade and pay from the date of her separation, October 28, 2005, through October 27, 2007. *See* 5 C.F.R. § 536.101 (an employee under a covered pay system who is placed in a lower grade, e.g., as a result of a RIF, is entitled to retain the grade held immediately before the reduction for a period of 2 years). According to the agency's evidence, the appellant occupied GS-4 positions from October 29, 2005, until December 9, 2006. *See* CRF, Tab 18 at 17-19. From December 10, 2006, until October 28, 2007, she occupied GS-6 positions. *Id*. at 20-21. As back pay, she would be entitled to the difference between saved grade GS-7 pay and her actual pay during the 2-year time period. Further, the appellant may be entitled to pay retention from October 29, 2007, through August 16, 2008, the day before she was appointed to a GS-7 position. CRF, Tab 18 at 22 (Standard Form 50 documenting the appellant's appointment to the position of Personnel Assistant, GS-0203-07 effective August 17, 2008). *See* 5 C.F.R. § 536.308(a)(2) (saved pay terminates when an employee is entitled to a rate of basic pay under a covered pay system which is equal to or greater than the employee's retained rate).

Accordingly, the agency is ORDERED to produce evidence, within 15 calendar days, that it has canceled the appellant's separation and retroactively placed her in one of two positions that it found her qualified for, or a like position. The agency is further ORDERED to produce evidence that it has computed the appellant's back pay to include saved grade and pay, as applicable, and to provide evidence that it correctly computed the interest on back pay. The agency must also show that it has made the appropriate adjustments to the appellant's benefits. The agency is directed to provide a narrative explanation of its computations in the form of an affidavit or sworn declaration.

If evidence of compliance is not received, the agency shall show cause why sanctions, pursuant to 5 U.S.C. § 1204(a)(2) and (e)(2)(A) and 5 C.F.R.

§ 1201.183, should not be imposed against **Thomas E. Dunn** and **Sandy S. Francois**, the responsible agency officials.

### NOTICE TO THE APPELLANT

Following the agency's submission of evidence, you may respond no later than 15 calendar days after the date shown on the agency's certificate of service. The response may be filed electronically through https://e-appeal.mspb.gov/, by facsimile to (202) 653-7130, or by mail to:

Clerk of the Board
Merit Systems Protection Board
1615 M Street NW
Washington, DC  20419

Any response must be served on the agency and proof of such service provided to the Board.  If you do not respond, the Board may assume you are satisfied and dismiss the petition for enforcement as moot.

FOR THE BOARD:  _____
William D. Spencer
Clerk of the Board

Washington, D.C.